**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**WANDA GOODMAN, WIDOW OF WILLIAM GOODMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 19-1151** (BOR Appeal No. 2054281)
                        (Claim No. 930066205)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**BAILEY ENERGY, INC.,**
**LUCKY M, INC., AND**
**TRINITY MINING, INC.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Wanda Goodman, widow of William Goodman, by Counsel Gregory S. Prudich, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). The West Virginia Office of Insurance Commissioner, by Counsel Karin L. Weingart, filed a timely response.

The issue on appeal is dependent's benefits. The claims administrator denied Ms. Goodman's request for dependent's benefits on December 22, 2015. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its May 29, 2019, Order. The Order was affirmed by the Board of Review on November 22, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no

1

substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Goodman was a coal miner for thirty-four years. On October 13, 1994, he was evaluated by the Occupational Pneumoconiosis Board, which found that he had 40% impairment due to occupational pneumoconiosis. The Occupational Pneumoconiosis Board again examined Mr. Goodman on December 20, 1998, and found that he had no more than 40% impairment due to occupational pneumoconiosis. On December 19, 1999, the claims administrator found Mr. Goodman was fully compensated by a 40% permanent partial disability award.

The Occupational Pneumoconiosis Board testified in an April 19, 2000, hearing before the Office of Judges. Johnsey Leef, M.D., testified on behalf of the Board that he reviewed x-rays and was unable to diagnose occupational pneumoconiosis. He found evidence of chronic obstructive pulmonary disease. James Walker, M.D., concurred with Dr. Leef's testimony. He testified that pulmonary function studies showed severe abnormalities, and Mr. Goodman was totally disabled. Dr. Walker opined that the 40% impairment found in 1994 was due to occupational pneumoconiosis but further progression was the result of Mr. Goodman's severe chronic obstructive pulmonary disease. Bradley Henry, M.D., also of the Occupational Pneumoconiosis Board, concurred.

The Office of Judges reversed a claims administrator's decision and granted Mr. Goodman a permanent total disability award on August 18, 2003. Between 2008 and 2014, the claims administrator authorized various treatments for occupational pneumoconiosis, including a nebulizer kit, lifetime oxygen services, and pulmonary rehabilitation. On March 20, 2015, Mr. Goodman passed away. The Death Certificate was completed on April 1, 2015, and listed the cause of death as end stage chronic obstructive pulmonary disease.

On November 5, 2015, the Occupational Pneumoconiosis Board determined that occupational pneumoconiosis was not a material contributing factor in Mr. Goodman's death. The claims administrator denied Mrs. Goodman's request for dependent's benefits on December 22, 2015.

Bruce Guberman, M.D., performed a record review on March 17, 2017, in which he noted that the cause of death listed on the death certificate was end stage chronic obstructive pulmonary disease. Mr. Goodman was awarded a 40% permanent partial disability award and later, a permanent total disability award. Mr. Goodman worked in the mines for thirty-four years. He was a smoker for fourteen years but quit in 1997. Dr. Guberman noted that Mr. Goodman was hospitalized off and on for chronic obstructive pulmonary disease exacerbations and episodes of congestive heart failure. Diagnostic imaging over the years showed progression of chronic obstructive pulmonary disease, pulmonary hypertension, and fibrosis. Dr. Guberman found that the only two causes for Mr. Goodman's pulmonary disease were his history of smoking and twenty-eight years of coal dust exposure. Dr. Guberman opined that the significant coal dust exposure and the previous diagnosis of occupational pneumoconiosis indicate occupational pneumoconiosis significantly contributed to Mr. Goodman's death. He further opined that the

progressive decline of Mr. Goodman's lung function was substantially related to occupational pneumoconiosis.

The Occupational Pneumoconiosis Board testified in a hearing before the Office of Judges on April 17, 2019. Jack Kinder, M.D., testified on behalf of the Board that at the time Mr. Goodman was found to have 40% impairment due to occupational pneumoconiosis in 1994, the diagnosis was made under the presumptive statute. Dr. Kinder stated that the x-rays were negative at that time. He also stated that when the Board reviews a case for a second time, the presumption starts over, and the Board must look at the entire case again. Dr. Kinder testified that when the Board reviewed Mr. Goodman's case again, it found no radiographic or pathologic evidence of occupational pneumoconiosis. Dr. Kinder stated that Mr. Goodman's medical records indicate numerous diagnoses of chronic obstructive pulmonary disease. He also noted that Mr. Goodman had arterial fibrillation of the heart. Dr. Kinder opined that Mr. Goodman's primary cause of death was chronic obstructive pulmonary disease. He did not believe occupational pneumoconiosis played a material, contributing role in Mr. Goodman's death. Dr. Kinder noted that Mr. Goodman had a smoking history of anywhere from a quarter of a pack per day for four years to a pack a day for fifteen to twenty years. He found this sufficient to cause chronic obstructive pulmonary disease. Drs. Henry and Leef concurred.

The Office of Judges affirmed the claims administrator's denial of dependent's benefits on May 29, 2019. The standard for granting dependent's benefits is not whether the employee's death was the result of the occupational disease exclusively, but whether the occupational disease contributed in any material degree to the death. *Bradford v. Workers' Compensation Commissioner*, 185 W.Va. 434, 408 S.E.2d 13 (1991). West Virginia Code § 23-4-6a (2019) provides that the Office of Judges "shall affirm the decision of the Occupational Pneumoconiosis Board made following [the] hearing unless the decision is clearly wrong in view of the reliable, probative and substantial evidence on the whole record." After review of the extensive medical record, the Office of Judges concluded that the findings of the Occupational Pneumoconiosis Board were not clearly wrong. There was no x-ray evidence of occupational pneumoconiosis.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on November 22, 2019. The Board's decision is correct and should be affirmed. Though Mr. Goodman was granted a 40% permanent partial disability award, that decision was made under the presumptive statute, which we no longer use. There was no x-ray evidence of occupational pneumoconiosis to support the award. When the Occupational Pneumoconiosis Board reviewed Mr. Goodman's case in 2015, it found insufficient evidence to support a diagnosis of occupational pneumoconiosis. Further, Dr. Kinder testified on behalf of the Board that while chronic obstructive pulmonary disease caused Mr. Goodman's death, he did not believe that occupational exposure played a role in Mr. Goodman's death. Therefore, the Office of Judges was correct to find that occupational pneumoconiosis was not a material, contributing factor in Mr. Goodman's death.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 19, 2021**

**CONCURRED IN BY:**

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

4